CIVIL COVER SHEET (Form JS 44)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

I. PLAINTIFFS / DEFENDANTS

**PLAINTIFF:** MICHAEL GEORGE SCOTT, An Individual

**DEFENDANTS:** THE BANK OF NEW YORK MELLON, as Master Indenture Trustee and Clearing Node; NATWEST MARKETS SECURITIES INC., as Warehouse Liquidity Provider; and MASTHAVEN FINANCE LIMITED (formerly trading as Spring Finance Limited), as Servicing Nominee and Originator

II. BASIS OF JURISDICTION

**[X] 3. Federal Question (U.S. Government Not a Party)**

This action arises under the Trust Indenture Act of 1939, 15 U.S.C. §§ 77aaa–77bbbb, and the Uniform Commercial Code as adopted in the State of New York (UCC Articles 3 and 8). The Court also exercises supplemental jurisdiction over related state-law and common-law claims pursuant to 28 U.S.C. § 1367.

III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

This is a Federal Question case. Diversity jurisdiction is not asserted. However, for record completeness:

- Plaintiff is a citizen of the United Kingdom, residing at 81 Park Avenue, Enfield, Middlesex, EN1 2BA.
- Defendant The Bank of New York Mellon maintains corporate trust operations linked to New York clearing and depository networks within this judicial district.
- Defendant Masthaven Finance Limited is a commercial bank operating as a servicing agent and nominee linked to global debt facilities administered under New York trust law via Defendant The Bank of New York Mellon.

IV. NATURE OF SUIT

(Place n X in one box only)

**[X] 890 Other Statutory Actions**

(Violations of the Trust Indenture Act of 1939, 15 U.S.C. §§ 77ooo and 77ppp; UCC Article 8 adverse claim enforcement; unauthorized conversion of a financial asset after constructive notice)

## V. ORIGIN

[X] 1. Original Proceeding

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute(s) under which you are filing:

**Primary:**

15 U.S.C. § 77ooo(c) — Trust Indenture Act § 315(c) — Prudent Person Standard of Care (fiduciary neglect)

15 U.S.C. § 77ppp(b) — Trust Indenture Act § 316(b) — Unimpaired Right to Payment and Discharge (non-consensual impairment)

**Supporting** (as incorporated via the TIA's interaction with UCC Article 8 and UCC Article 3):

N.Y. U.C.C. § 3-203(b) — Transfer of Instrument; vesting of enforcement rights

N.Y. U.C.C. § 3-302(a) — Holder in Due Course

N.Y. U.C.C. § 8-105 — Adverse Claim

N.Y. U.C.C. § 8-115 — Intermediary Liability (piercing safe-harbor immunity)

**Brief Description of Cause:**

Statutory fiduciary neglect and unlawful, non-consensual impairment of rights under the Trust Indenture Act of 1939. Defendant The Bank of New York Mellon, acting as Master Indenture Trustee for the global note pools, failed to investigate or acknowledge a perfected UCC § 8-105 adverse claim served upon it, ignored empirical evidence of an IRS-accepted corrective Form 1099-OID filing (IRS MeF Gateway Official Tracking Number: 214941627, submitted July 6, 2026) establishing top-of-ledger discharge of the underlying primary debt, and permitted its servicing nominee, Defendant Masthaven Finance Limited, to aggressively pursue an out-of-court foreclosure and property liquidation in the United Kingdom (Title Numbers: EGL155004 and EGL300201; Claim No: N1PP1247) on a debt that has been mathematically zeroed and an accessory mortgage charge that no longer secures any principal obligation. Defendants' continued enforcement constitutes a non-consensual impairment of Plaintiff's absolute right to discharge in violation of TIA § 316(b), and an unauthorized conversion of a financial asset in violation of UCC § 8-115 following constructive notice under UCC § 8-105. The institutional clearing nodes maintain an active IRS Form 945 nonpayroll withholding tax module under Master File Transaction Code MFT 16 to clear backup withholding derived from these portfolios, confirming its nominee capacity.

## VII. REQUESTED IN COMPLAINT

[X] CHECK IF THIS IS A CLASS ACTION_ NO (N/A)

**DEMAND:** $5,000,000.00

(Basis: Compensatory damages for property deprivation at 81 Park Avenue, Enfield, Middlesex, EN1 2BA, Title Numbers: EGL155004 and EGL300201; statutory damages for TIA § 315(c) and § 316(b) violations; consequential damages for wrongful enforcement proceedings in the United Kingdom prosecuted by JPC Law on behalf of Masthaven Finance Limited; attorneys' fees and costs. The primary debt underlying the mortgage contract has been discharged at the apex tier of the federal ledger system via IRS-accepted corrective Form 1099-OID filing under IRS Publication 1212.)

**[X] YES — JURY DEMAND**

(Plaintiff demands trial by jury on all issues so triable, pursuant to Federal Rule of Civil Procedure 38(b), as the claims arise under federal statute and seek legal damages, including compensatory and punitive relief.)

## VIII. RELATED CASE(S) IF ANY

1. *Masthaven Finance Limited v. Michael George Scott* — Active United Kingdom mortgage foreclosure and possession proceedings against the subject property (81 Park Avenue, Enfield, Middlesex, EN1 2BA, Title Numbers: EGL155004 and EGL300201), prosecuted by JPC Law on behalf of Masthaven Finance Limited under Claim Number: N1PP1247 local to the County Court at Edmonton.
2. The parallel UK enforcement track involves a directions order from DDJ Samuel served on 2 June 2026, an initial Defence submission window, a Reply to Defence served by JPC Law on 30 June 2026 attempting to construct an admission, and a pending Form N244 application notice listed for a full trial of facts on Tuesday, 29 September 2026 at 10:00 AM.
3. The securitized note pool (CUSIP: 36179XVD5) is subject to the jurisdiction of this Court through the New York clearing, depository, and tax reporting systems administered by The Bank of New York Mellon (EIN: 13-5235770) as institutional clearing node and trustee.

## IX. DIVISIONAL ASSIGNMENT (SDNY Only)

**[X] Manhattan**

**DATE:** July 22, 2026

**SIGNATURE OF PRO SE LITIGANT:**

By: *Michael George Scott*

**Michael George Scott**, *Pro Se*

81 Park Avenue, Enfield, Middlesex, EN1 2BA

Appearing pursuant to 28 U.S.C. § 1654